UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALEXANDER G.E.,[1] | No. 1:26-cv-04311-TLN-JDP |
| Petitioner, | A# 221-451-880 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Jose Alexander G.E.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2]  (ECF No. 1.)  Respondents filed a Motion to Dismiss.[3]  (ECF Nos. 5, 9.)  For the reasons set forth below, the Petition is GRANTED.[4]

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    *Pro se* pleadings are given the benefit of liberal construction.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

[3]    As part of their motion to dismiss, Respondents also filed a motion to modify this Court's Order not to transfer Petitioner out of this district during the pendency of this case.  (ECF No. 6 at 1.)  Given the relief ordered in this case, Respondents' motion to modify is denied as moot.

[4]    On June 12, 2026, this Court issued a minute order granting the Petition and ordering Petitioner's immediate release.  (ECF No. 7.)  This Order explains the Court's reasoning.

1

(This Order does not reach the immigration judge's June 9, 2026 voluntary departure order, or Petitioner's obligations under that order; nor does it impede Petitioner from departing of his own volition.)

## I.    FACTUAL BACKGROUND[5]

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner was last admitted to the United States on June 18, 2024 on a valid work visa, which expired in October 2026.  (ECF No. 6-4 at 2.)  Petitioner overstayed his visa, and he has resided in the United States for approximately two years.  (*Id.*)

On April 19, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner.  (*Id.*)  The day prior, local law enforcement arrested Petitioner on misdemeanor charges of a false statement to an officer and obstruction, and Petitioner was transferred to ICE custody.  (*Id.*)  Petitioner has no other criminal history in the United States.  (*Id.*)

Petitioner has now been detained for nearly two months without an individualized bond hearing as to his detention, despite his request for one.  (*Id.*; ECF No. 1 at 2.)  On June 9, 2026, an immigration judge granted voluntary departure, in lieu of removal, by October 7, 2026.[6]  (ECF No. 6-1.)  However, prior to that order, Petitioner filed the instant Petition challenging the constitutionality of his civil detention.  (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[5]    The facts are not disputed.

[6]    Respondents' brief states Petitioner must depart within 30 days of the date of the order (ECF No. 6 at 1), however, the order, itself, designates October 7, 2026 is the deadline for departure.  (ECF No. 6-1 at 3.)

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 2.)  Respondents make no meaningful argument in opposition and instead argue the Petition is moot, while also asking this Court to lift its Order not to transfer Petitioner out of the district.  (ECF No. 6 at 3.)  The Court begins with Respondents' mootness argument, before turning to the merits of the Petition.

### A.  Mootness

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "The burden of demonstrating mootness is a heavy one."  *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001).  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Respondents argue the Petition shall be dismissed because there is no live case or controversy because Petitioner has been "released" and has already sought his relief.  (ECF No. 6 at 3.)  This is utterly confounding to the Court, when in the very same brief, Respondents ask the Court to lift its Order not to transfer Petitioner out of the district because "Respondents stand ready to transport Petitioner, *who remains in custody*."  (ECF No. 6 at 1 (emphasis added).)

This case is not moot.  Respondents fail miserably short of their burden here. Respondents do not explain how, why, or with what authority, the Court should find that Petitioner has received relief, when he is very clearly — by Respondents' own statements — in

the custody and control of ICE.  Respondents cite ten inapposite cases in which every petitioner had, in fact, been released or removed prior to a ruling on their habeas petition.  That is not the case here.  Petitioner is still in custody.  He has not sought to dismiss his Petition.  Petitioner's constitutional claims are still at issue; they do not evaporate because Petitioner agreed to depart the country before October 2026.  Petitioner's claims are valid and redressable.

Therefore, the Court addresses Petitioner's constitutional claims.

### B.  Fifth Amendment Violation

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### i.  Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).  Liberty interest may be strengthened over time.  *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

4

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  Petitioner has resided and worked in this country for nearly two years.  Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.  Moreover, Respondents do not dispute that Petitioner has a liberty interest.  (*See generally* ECF No. 6.)  With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

*ii.   Procedures Required*

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him.  Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly two months without any opportunity to be heard as to the justification of his detention, separated from his work and community.  Petitioner's private interest may be diminished slightly because he agreed to voluntary departure, but he is entitled to depart of his own accord in the timeline permitted by the immigration court.  An agreement to leave the country does not extinguish Petitioner's liberty while he is here.  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process, either pre- or post-detention.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.

5

Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.  At the time of Petitioner's arrest, he was not subject to a final order of removal.  Additionally, Respondents do not contend that Petitioner is a danger to the public or a flight risk.  Moreover, as a "visa overstay" Petitioner is subject to a bond hearing under 8 U.S.C. § 1226(a), yet he was not given the process owed to him by statute and Respondents violated their own regulations.  Therefore, the risk that he was detained without proper justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under 8 U.S.C. § 1226(a).  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

At a minimum, due process required notice and a hearing as to Petitioner's detention.  Respondents do not make any argument to the contrary.  (*See generally* ECF No. 6.)  Yet, Petitioner was not provided any hearing in nearly two months of detention.[7]  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.    CONCLUSION

Respondents detained Petitioner in violation of the Fifth Amendment.  Accordingly, IT IS HEREBY ORDERED:

---

[7]    The Court notes there is also no evidence in the record that Petitioner received any notice or a warrant for his arrest as required under 8 U.S.C. § 1226(a).  (*See generally* ECF No. 6.)

1. Respondents' Motion to Dismiss Petition (ECF No. 6) is DENIED; Respondents' Motion to Modify Order (*id.*) is DENIED as moot.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents were ordered to immediately release Petitioner from custody under the same conditions he was released prior to his current detention.  (ECF No. 7.)  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

4. Respondents must file a **notice of compliance** with this Order **by June 18, 2026.**

5. Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention.  *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: June 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE